# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY GLENN ROBERTS,<br>  Plaintiff,<br><br>v.<br><br>CHRIS BRYANT, individually and DJ LONG in his official capacity as Sheriff of Carter County,[*]<br>CLAY LINTNER, individually and in his official capacity, and<br>TURN KEY HEALTH CLINICS, LLC,<br><br>  Defendants. | Case No. CIV-23-430-RAW-DES |

## ORDER

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that while being detained in the Carter County Jail: (1) he was denied religious material in violation of his First Amendment rights; (2) Defendant Lintner threw away some of his personal property and used excessive force against him in violation of the Eighth Amendment; (3) Defendants denied him access to adequate medical care; and (4) Defendants Bryant and Lintner failed to protect him from assault by other inmates.

Now before the court are the motions to dismiss filed by Defendant Turn Key Health Clinics pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 19] and by Defendants Bryant and Lintner pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6) [Docket No. 29], as well as Plaintiff's responses thereto [Docket Nos. 33 and 34]. Also before the court are the Report and

---

[*] As noted in the R&R, following Chris Bryant's last day as Sheriff of Carter County, the new Sheriff of Carter County, DJ Long, was substituted in his official capacity.

Recommendations ("R&Rs") issued by United States Magistrate Judge D. Edward Snow recommending that the motions to dismiss be granted [Docket Nos. 43 and 44].

Magistrate Judge Snow finds that the Amended Complaint fails to allege sufficient facts to support a plausible claim for relief against Defendant Turn Key Health Clinics under either a theory of municipal liability or deliberate indifference to serious medical needs. Likewise, Magistrate Judge Snow finds that the Amended Complaint fails to state any plausible claims for relief against Defendants Bryant and Lintner in either their official or individual capacities. Moreover, the claim against Defendant Lintner is his official capacity is not viable under Oklahoma law, Plaintiff has not alleged facts supporting municipal liability under *Monell*, and service on the Defendants in their individual capacities was procedurally deficient.

The court has reviewed the Amended Complaint in this case as well as the motions to dismiss, the responses thereto, and the R&Rs. The court finds that the R&R is well-supported by the prevailing authority. Accordingly, the R&Rs [Docket Nos. 43 and 44] are hereby affirmed and adopted as this court's Findings and Order. The motions to dismiss [Docket Nos. 19 and 29] are hereby granted, and this action is hereby dismissed without prejudice.

**IT IS SO ORDERED** this 12th day of September, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**